RICHARD LEHMAN AND MAX LEHMAN, SURVIVING PARTNERS OF THE FIRM OF D. LEHMAN *et al., Appellants,* v. THE TRUST COMPANY OF AMERICA, *Appellee.*

RECEIVERS—RULES GOVERNING APPOINTMENT OF—SHOULD BE DISINTERESTED PARTY—RECEIVERS CERTIFICATES—LIEN OF.

1. While the appointment of a receiver in litigation is to a large extent within the sound judicial discretion of the chancellor, to be exercised or not according to the circumstances and exigencies of each particular case, yet there are certain well estab-

lished rules that should be observed in exercising such discretion:

"1st.   That the power of appointment is a delicate one, and to be exercised with great circumspection.

2nd.   That it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property.

3rd.   That there is no case in which the court appoints a receiver merely because the measure can do no harm.

4th.   That fraud or imminent danger, if the immediate possession should not be taken by the court, must be clearly proved.

5th.   That unless the necessity be of the most stringent character, the court will not appoint until the defendant is first heard in response to the application."

2.   It is well settled that except in rare cases the receiver must be a person who is indifferent between the parties litigant, and must remain so, giving to neither party favor or advantage. In executing the orders of the court he acts as and for the court and should be as unbiased as the court itself.

3.   The chancellor has no power, in authorizing a receiver of the properties of a corporation to borrow money, to order that the receivers' certificates issued for such loan shall be a prior and superior lien over the lien of a prior existing judgment against a third party upon property which had been conveyed by such judgment debtor to such corporation subsequent to the rendition of such judgment.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Axtell & Rinehart,* for Appellants;

*Sparkman & Carter,* for Appellee.

TAYLOR, J.—The appellee, The Trust Company of America, as complainant below filed its bill in equity in the Circuit Court of Manatee County against The Manatee Light & Traction Company, a corporation for the foreclosure of a trust deed or mortgage made by the latter company upon all of its properties, real and personal, to secure an issue of $100,000 of its bonds. The appellants, Richard Lehman and Max Lehman, as surviving partners of the former firm of D. Lehman, were made parties defendant to said bill under the allegation that they claimed to have some interest in the premises covered by said mortgage, but that the same is subordinate and subject to the lien of said mortgage. The bill alleges that one Nina H. Graham was the holder of a majority in amount of the bonds secured by said mortgage, and that default having been made by said mortgagor in the payment of interest due on said bonds, that on her initiative, under the express terms and provisions of said mortgage, the complainant trustee had declared the whole of such bonds, principal and interest, to be due and payable. The bill prayed for foreclosure, for the appointment of a receiver for the mortgaged properties, and for leave to the receiver to borrow money for betterments upon receiver's certificates, which should be decreed to be a first lien upon such properties. The defendant, the Manatee Light & Traction Company, by John A. Graham, its president, filed an answer to the bill in which it is alleged that said corporate defendant since the execution of said mortgage had changed its corporate name to the Manatee Light & Power Company. It admits all the allegations of the bill to be true and states that it has no objection to the foreclosure of said mortgage.

The defendants, Richard Lehman and Max Lehman, as surviving partners of the firm doing business formerly under the firm name of D. Lehman, answered the bill,

alleging that on the 14th day of May, 1897, said firm recovered a judgment for $8,433.65 in the Circuit Court of Duval County against John A. Graham, and that a duly certified transcript of such judgment was filed for record and duly recorded in the office of the Clerk of the Circuit Court of Manatee County and there duly indexed on the 10th day of November, 1902, and from that date constituted a lien upon all real estate of said John A. Graham, situated in said Manatee county. That subsequent to said November 10th, 1902, said John A. Graham, being the owner thereof, conveyed by deed to the defendant Manatee Light & Traction Company the lands described in the bill of complaint, to wit: Lots 1 and 2 Block B, Smith's Addition to Braidentown, and that the lien of the said judgment against said property constitutes a valid and subsisting lien prior to any lien or pretended lien of the complainant. Said answer upon information and belief further alleges that the bonds of the said Manatee Light & Traction Company claimed in the bill to be owned by Nina H. Graham do not in fact belong to her as against these defendants, but that said bonds in truth and in fact belong to and are the property of John A. Graham, and that the attempted transfer and assignment of said bonds to the said Nina H. Graham was in fraud of the rights of these defendants.

After the filing of these answers, on the application of the complainant the Circuit Judge made an order appointing John A. Graham as receiver of all of the mortgaged properties, and authorized said receiver to borrow money not to exceed the amount of $3,000, and at a rate of interest not to exceed 10 per cent., with which to operate the plant, and to secure the payment of said borrowed money said receiver was authorized to issue to the lender thereof receiver's certificates, and that the same should be and constitute a first lien upon the income

of the said mortgagor company, and if such income should not be sufficient to satisfy the same it shall constitute a first lien upon the property of the said defendant corporation and upon the proceeds of its sale if it is sold.   From this interlocutory decree the defendants, the Lehmans, have appealed here, and assign three errors as follows:

1.   That the court erred in appointing a receiver in this cause upon the application of the complainants.

2.   That the court erred in appointing John A. Graham, the president of the defendant company as receiver in this cause.

3.   That the court erred in authorizing the receiver to issue receiver's certificates in the sum of $3,000, and in making said certificates a first lien upon the mortgaged property.

While the appointment of a receiver in litigation is to a large extent within the sound judicial discretion of the chancellor to be exercised or not according to the circumstances and exigencies of each particular case, yet there are certain well established rules that should be observed in exercising such discretion:

"1st.   That the power of appointment is a delicate one, to be exercised with great circumspection.

2nd.   That it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property.

3rd.   That there is no case in which the court appoints a receiver merely because the measure can do no harm.

4th.   That fraud or imminent danger, if the immediate possession should not be taken by the court, must be clearly proved.

5th.   That unless the necessity be of the most strin-

gent character, the court will not appoint until the defendant is first heard in response to the application." Van Zile's Eq. Pl. & Pr., p. 528.

The bill in this case, according to our view, fails to show any necessity for the appointment of a receiver, in that it fails utterly to show that the mortgaged property is or will be in any danger of waste or deterioration in value if left in the hands of the mortgagor defendant pending the litigation, or that a receiver is necessary to the preservation of the property, but, while we should not have appointed a receiver, were we acting in the first instance in the place of the chancellor, under the showing made by the bill, yet under all the circumstances of the case, we will not disturb the exercises here made of his discretion in the premises.

The second assignment of error is more serious that challenges the propriety of the appointment of John A. Graham, the president of the defendant corporation to be receiver of its mortgaged properties.    It is well settled · that except in rare cases the receiver must be a person who is indifferent between the parties litigant and must remain so, giving to neither party favor or advantage. In executing the orders of the court he acts as and for the court and should be as unbiased as the court itself.

Van Zile Eqr. Pl. & Pr. p. 524; Flether Eqr. Pl. & Pr. Sec. 461; 23 Am. & Eng. Ency. Law (2nd ed.) p. 1032 and citations.

While an appellate court will rarely, and then with reluctance, disturb the exercise by a chancellor of his discretion in the selection of a person to be appointed receiver, yet we think that the court below erred in the selection here made.   Mr. Graham, the receiver appointed was shown to have been the president of the mortgagor company, and the judgment debtor in the judgment recovered by the defendants, the Lehmans, the question of

priority between which judgment and the mortgage sought to be foreclosed is directly involved in the litigation; and besides it is charged in the answer of the defendants, the Lehmans, that the majority of the bonds, to satisfy which the foreclosure is sought, that are alleged in the bill to belong to one Nina H. Graham in truth and in fact belong to said John A. Graham and were fraudulently assigned to her by him to defeat them in the collection of their judgment.    Under all these circumstances he was not indifferent as between the litigating parties, but on the contrary was peculiarly interested, and it was error to appoint him receiver under the circumstances.

The court also erred in decreeing that the receiver's certificates to be issued for money to be borrowed by the receiver should be a first or prior lien upon all of the mortgaged properties.    If the judgment of the Lehmans is in fact a prior lien upon any of said properties conveyed by the judgment debtor, John A. Graham, to the mortgagor company, then the court has no authority by such an order to create a lien upon such property of prior dignity of lien to such prior existing judgment. The decree of the court below appealed from should be modified, and the cause is remanded to the court below with directions to discharge the courts appointee, John A. Graham, as receiver and for the appointment of some other competent person in his place and stead as such receiver who is entirely unbiased and indifferent between all the parties in said cause, and that said decree appealed from be further modified by making an exception of the judgment in favor of the Lehmans against John A. Graham in the creation of the lien of said receiver's certificates, so that said certificates shall be a lien upon all of the properties covered by the mortgage having priority over all other liens except the lien, if any, of the judgment in favor of D. Lehman against John A. Graham upon any

of said properties.    The cost of this appeal to be taxed against the appellee.

All concur.