KNICKERBOCKER TRUST COMPANY, AS TRUSTEE, *Appellant*, v. GREEN BAY PHOSPHATE COMPANY, *et al.*, *Appellees*.

1. A court of equity has no general power to displace or subordinate liens existing upon property taken into the custody of the court in the course of litigation of which the court has jurisdiction.

2. The appointment of a receiver to protect and preserve property pending litigation does not *ipso facto* affect the status of liens existing upon the property; but where a receiver is lawfully appointed at the instance and for the benefit of lien creditors, all proper charges, expenses and liabilities incurred as incident to duly conferred receivership powers and duties, may be a charge upon the earnings and corpus of the property superior to the lien creditors who take part in or expressly or impliedly consent to or acquiesce in the receivership proceedings.

3. The ordinary duties of a receiver of a private corporation are to protect and preserve the property pending the litigation and all expenses duly authorized and properly incurred by the receiver in the discharge of such duties, including a reasonable compensation for his services, may constitute a first charge upon the income of the property, if any, or if none, upon the corpus of the property even postponing prior lien holders.

4. The rights of prior lien holders may be affected under some circumstances by a diversion of the earnings of property for the benefit of the lien holders.

5. Under special circumstances and conditions, or in peculiar classes of property, such as public service corporations, a court of equity may upon a proper showing of jurisdiction and right, appoint a receiver of property at the instance and for the benefit of lien creditors, and may upon a proper showing confer upon the receiver authority to operate the property for the benefit of the creditors. In such cases all proper expenses and liabilities incurred in the operation may be a first charge upon the income from the property, or if it is

insufficient, upon the corpus of the property, to the exclusion even of the prior liens.

6. A court of equity is not in general authorized to empower a receiver of a mere private corporation, having no duty to perform a service of a public nature, to incur liabilities in the operation of the property of the corporation and to give such liabilities priority over existing lien holders who are not parties to the receivership proceedings and have not consented to or acquiesced therein, in the absence of some special equity in favor of general creditors.

7. As to railroad and other public service corporations in the operation of which the public have an interest, where the duty to preserve the property and the public interest require a continuance of the operation, and perhaps in other peculiar and special cases, owing to the nature of the property and the rights of the parties therein, a court of equity may, in the exercise of an extraordinary power committed to it for the public good, direct its receiver to maintain and operate the property of the corporation, and may in a proper case make the liabilities incurred in such maintainance and operation a first lien upon the property superior even to prior contract liens, since in these cases the creditors take their liens subject to the rules of law making such property liable first for the continuance of the service to which it is devoted.

8. A receiver is the agent of the court, and those who deal with him as such, do so with reference to his authority as receiver, the nature and extent of which authority those who so deal should take notice. Those who sell goods to a receiver as such do so upon faith of the property or business of the receivership and with presumed knowledge of the lawful authority of the receiver.

9. A mining phosphate company is not a public service institution and the law does not require a continuance of its operation for the public welfare, and its prior mortgage lien-holders have priority over subsequent creditors in the operation of the property when the prior lien-holder do not consent to the operation expenses; but such prior lien-holders do

VOL. 62, JUNE TERM, 1911.　　　521

Knick. Trust Co. v. Green Bay Phos. Co.—Opinion of Court.

not have priority over the proper expenses of a receiver in collecting and preserving the property.

This case was decided by Division A.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Robt. W. Davis,* and *James F. Glen,* for Appellant;

*E. R. Gunby, P. O. Knight, T. E. Lucas* and *F. M. Simonton,* for Appellees.

WHITFIELD, C. J.—On November 25, 1905, a stockholder who was also a creditor, filed a bill in equity alleging that the defendant Green Bay Phosphate Company, a corporation, was unable to pay its indebtedness, and prayed for a receiver to take charge of and to temporarily operate the property, and that the proyerty of the corpo- ration be sold subject to a first mortgage lien, to pay the complainant and other creditors. The complaining stock- holder was by judicial decree appointed "receiver, to take charge of, and into his possession, all of the property, assets of whatever nature, kind and description, belonging to the............Green Bay Phosphate Company, a corpora- tion," engaged in mining phosphate rock, "to receive and collect all the outstanding debts and obligations due to the said defendant corporation, and to take any and all steps or actions which may be necessary to close up the affairs of said defendant corporation............It further ap- pearing to the satisfaction of the court that it will be nec- essary for the preservation of the said property described in the bill of complaint, and for the best interest of all

parties concerned, that the said phosphate plant described in said bill of complaint be operated by said receiver, he is hereby ordered to operate the same in the usual course of business until the further order of the court."

Upon a report of the receiver giving specified conditions showing that the proper management and preservation of the property make it expedient to borrow money, the receiver was authorized "to borrow such sum or sums as in his judgment is necessary, not exceeding the sum of twenty-five thousand dollars, the same to be used by him as such receiver for the purpose of paying the pressing accounts, and of carrying on the operations of said company, and continuing work and improvements." The receiver was by decree directed out of the money so borrowed, or out of any other moneys in his hands as receiver, to pay forty-five hundred dollars as semi-annual interest on the first mortgage bonds, payable January 1, 1906 Numerous creditors of the defendant company and of the receiver as such intervened and asked for payment. The Knickerbocker Trust Company, a corporation, and the trustee of the first mortgage bonds of the Green Bay Phosphate Company, dated in 1904, mentioned in the bill of complaint herein, was not made a party to the proceedings wherein a receiver was appointed and authorized to operate the mining plant, but such trustee was allowed to intervene February 18th, 1908, and ask for a postponement of the sale until the first mortgage had matured, and for a reference to ascertain the merits of the claims of creditors. On April 6th, the trustee filed a cross-bill in which a foreclosure of the first mortgage lien was prayed for.

In the foreclosure decree the general creditors of the defendant company and of its receiver were made preferred creditors in the order of payment under the fore-

closure.  This is urged as error on appeal taken by the Knickerbocker Trust Company, the trustee of the first mortgage bonds.

A court of equity has no general power to displace or subordinate liens existing upon property taken into the custody of the court in the course of litigation of which the ourt has jurisdiction.  See Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 Sup. Ct. Rep. 950; Knickerbocker Trust Co. v. Oneonta, C. & R. S. Ry. Co., 201 N. Y. 379, 94 N. E. Rep. 871.

The appointment of a receiver to protect and preserve property pending litigation does not *ipso facto* affect the status of liens existing upon the property; but where a receiver is lawfully appointed at the instance and for the benefit of lien creditors, all proper charges, expenses and liabilities incurred as incident to duly conferred receiver-ship powers and duties, may be a charge upon the earnings and corpus of the property superior to the lien creditors who take part in or expressly or impliedly consent to or acquiesce in the recivership proceedings.

The ordinary duties of a receiver of a private corporation are to protect and preserve the property pending the litigation, and all expenses duly authorized and properly incurred by the receiver in the discharge of such duties, including a reasonable compensation for his services, may constitute a first charge upon the income of the property, if any, or if none, upon the corpus of the property, even postponing prior lien holders.  Peoples National Bank v. Virginia Textile Co., 104 Va. 34, 51 S. E. Rep. 155, 7 A. & E. Ann. Cas. 583, and notes.  The rights of prior lien holders may be affected under some circumstances by a diversion of the earnings of property for the benefit of the lien holders.  Fosdick v. Schall, 99 U. S. 235.

Under special circumstances and conditions, or in

peculiar classes of property, such as public service corpo-
rations, a court of equity may upon a proper showing of
jurisdiction and right, appoint a receiver of property at
the instance and for the benefit of lien creditors, and
may upon a proper showing confer upon the receiver
authority to operate the property for the benefit of the
creditors.   In such cases all proper expenses and liabili-
ties incurred in the operation may be a first charge upon
the income from the property, or if it is insufficient, upon
the corpus of the property, to the exclusion even of the
prior liens.   But a court of equity is not in general author-
ized to empower a receiver of a mere private corporation,
having no duty to perform a service of a public nature, to
incur liabilities in the operation of the property of the
corporation and to give such liabilities priority over exist
ing lien holders who are not parties to the receivership
proceedings and have not consented to or acquiesced
therein, in the absence of some special equity in favor of
general creditors. Lehman v. Trust Company of America,
57 Fla. 473, 49 South. Rep. 502.   See also Gregg v. Metro-
politan Trust Co., 197 U. S. 183, 25 Sup. Ct. Rep. 415.   The
above rule is practically universal, though as to railroad
and other public service corporations in the operation of
which the public have an interest, where the duty to
preserve the property and the public interest require a
continuance of the operation, and perhaps in other pecu-
liar and special cases, owing to the nature of the property
and the rights of the parties therein, a court of equity
may, in the exercise of an extraordinary power committed
to it for the public good, direct its receiver to maintain
and operate the property of the corporation, and may in a
proper case make the liabilities incurred in such main-
tainance and operation a first lien upon the property su-
perior even to prior contract liens, since in these cases

the creditors take their liens subject to the rules of law making such property liable first for the continuance of the service to which it is devoted. See First National Bank v. Cook, 12 Wyoming 492, 76 Pac. Rep. 674, 2. L. R. A. (N. S.) 1012 and extensive notes.

In Alabama and Illinois cases where the receiver's liabilities for operating expenses of mere private corporations were given priority, the prior lien holders were parties to or acquiesced in the receivership operation proceedings or there were special equities in favor of the creditors who furnished labor or material for the operation or for the betterment of the property.

A receiver is the agent of the court, and those who deal with him as such, do so with reference to his authority as receiver, the nature and extent of which authority those who so deal should take notice. Those who sell goods to a receiver as such do so upon faith of the property or business of the receivership and with presumed knowledge of the lawful authority of the receiver. McGowan v. Ingalls, 60 Fla. 116, 53 South. Rep. 932.

In this case the trustee of the first mortgage bonds was not made a party to the receivership proceedings. Apparently the trustee took no part in such proceedings for more than two years after the appointment of the receiver, when he intervened and prayed that the property be not sold at the suit of the complainant stockholder creditor until the mortgage could be duly foreclosed, and that the claims of the intervening creditors be submitted to a master for examination. This was not such a participation and acquiescing in the proceedings as to subordinate the rights of the bond holders to the liabilities of the receiver incurred in operating the property, especially when the bill on which the receiver was appointed and authorized to operate the property, prayed that the prop-

erty be sold subject to the first mortgage bonds. General creditors of the receiver are held to a knowledge of the basis of the receiver's authority.   The payment of the semi-annual interest on the bonds mentioned above was not, in view of the facts disclosed by this record, such a diversion of earnings or of property for the benefit of the bond holders as to displace the first mortgage lien.   If the proceeds used were from property sold the security was thereby reduced.   The payments of interest on the bonds were not relatively large.   Matured interest on the bonds was a proper payment from any available funds.   If the payment of interest was in fact made from the borrowed money, it should be repaid before the first mortgage is satisfied.

The defendant mining corporation is not a public service corporation; the law does not require a continuance of its operation for the benefit of the public.   While the property may be best preserved by its operation, the rights of the bond holders do not require such operation and they did not ask for or participate in it.   They are entitled to be paid according to the legal terms of their mortgage, and such mortgage should have priority over subsequent creditors as to the property covered by the mortgage.   But before the mortgage is paid the proper expenses of the receiver in collecting and preserving, but not in operating, the property should be paid.

The decree is reversed and the cause remanded for proceedings in accordance with this opinion.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.