SUSAN B. EPPES, as Administratrix of the Estate of Edward B. Eppes, Deceased, v. DADE DEVELOPERS, INC., and D. C. COLEMAN, as Sheriff, etc.

170 So. 875.

Division B.

Opinion Filed November. 30, 1936.

W. J. Oven, James Messer, Jr., and W. J. Oven, Jr., for Appellant;

H. H. Taylor, W. H. Burwell and A. B. Small, for Appellees.

PER CURIAM.—On March 24, 1926, Edward B. Eppes instituted two suits in equity against Florida Citrus Finance

Company, a corporation, in which he prayed for the cancellation of contracts of purchase for two lots of land conveyed to him by said corporation and for return of the consideration paid for them. After much pleading final judgment was entered in favor of Eppes August 6, 1928.

On May 21, 1926, E. K. Dahlman filed his bill in equity against Florida Cities Finance Company, a corporation, praying for the appointment of a receiver, the liquidation of said corporation, and the winding up of its affairs. Fred W. Vanderpool was appointed receiver and directed to take charge of the estate of said corporation and hold it subject to the orders and decrees of the court. Vanderpool qualified as such receiver and held the estate under order of the court.

On May 31, 1928, and July 5, following, final decrees were entered in Dahlman's case in which Vanderpool, the receiver, was ordered to advertise and sell the assets of the corporation and apply the proceeds first to the expenses of the receivership suit and secondly to the payment of such creditors and stockholders as the court should order and to sell the real estate of the corporation free and clear of all liens except such as existed and appeared of record May 21, 1926. Pursuant to this order the assets of the corporation were sold to Dade Developers, Inc., appellees in this case, the sale was confirmed August 13, 1928, and all persons claiming through said corporation and its receiver since May 21, 1926, were enjoined from claiming or attempting to claim any right, title, or interest in and to said property.

August 6, 1928, the same date as the final decrees in the Eppes case, executions were placed in the hands of the sheriff with directions to levy on the property of the Florida Cities Finance Company, but said executions were not

executed until July, 1933, when levy was made on the property purchased at the receivership sale by Dade Developers, Inc., which consisted of many lots of land some of which were encumbered by prior purchase money mortgages and on some of which adjustments had been made since the purchase by Dade Developers, Inc., and some of the lots had been sold by the latter, title guaranteed, on the strength of the receivership orders.

Because of these facts, Dade Developers, Inc., filed its bill of complaint praying for temporary and permanent injunction restraining the advertisement and sale of the property acquired by it at the master's sale in the receivership suit, including all other acts of interference with its title and possession and that the executions in favor of Eppes be cancelled and annulled. A temporary restraining order was entered August 19, 1933, and on September 12, following, Eppes moved its dissolution. His motion was overruled and on November 6, 1933, Eppes moved to dismiss the bill of complaint which motion was denied.

January 4, 1934, Eppes filed his answer to the bill of complaint admitting most of the allegations thereof, but prayed strict proof of the allegations and orders in the Dahlman case, alleging that he was not a party to that proceeding and was in no way bound by the judgment therein, that the sale in said case in no way affected his judgments secured prior to said sale, that Dade Developers, Inc., took the property purchased at said sale subject to his (Eppes') liens and judgments, and that the law of the case as applied to his liens had been previously adjudicated by the Supreme Court of this State in State, *ex rel.* Eppes, v. Lehman, 109 Fla. 331, 147 So. 907, that he (Eppes) filed notice of *lis pendens* when he instituted his suits, and that nothing in the

nature of a multiplicity of suits was involved between him (Eppes) and the plaintiff, Dade Developers, Inc.

On February 2, 1934, suggestion of the death of Edward B. Eppes was filed and on March 27, following, an order was entered substituting his mother, Susan B. Eppes, as administratrix of his estate, party defendant. Susan B. Eppes adopted the answer of her intestate son and moved to dismiss the bill on the ground that its purpose was to enjoin the levy of executions secured under Eppes' judgments in the rescission cases and that the plaintiff had failed to give the notice required by Section 4968, Compiled General Laws of 1927.

In addition to the foregoing, pleadings and counter pleadings were offered and ruled on, but it is not necessary to review them. The testimony was taken and on final hearing the chancellor entered his decree in which he adjudicated Dade Developers, Inc., to be the owner in fee simple of the lands in question and that the judgments obtained by Eppes did not constitute a lien thereon. He further enjoined Eppes from seeking to enforce the levy of his executions, cancelled the levy in his favor, and enjoined him from committing other acts interfering with complainant's title. From the final decree as thus entered, the order granting plaintiff's motion to strike portions of the answer and the order denying motion to dismiss the bill, this appeal was prosecuted.

It is contended here that the injunction against Eppes in favor of Dade Developers, Inc., should not have been granted because, (1) Appellees did not comply with Section 4958, Compiled General Laws of 1927, in the matter of notice, (2) Appellant had secured a judgment which she was entitled to have enforced against the receivership prop-

erty, and (3) The nature of the receivership is not such as warranted the injunction.

Appellee counters with the contention that the bill for receivership stated a good cause of action, that defendant failed to refute the allegations thereof, that the decrees and judgments of Eppes created no lien against the lands purchased by Dade Developers, Inc., at the receivership sale, that by the decree of the court said sale was made free and clear of all encumbrances, and that if Eppes had a lien he is now estopped to enforce it because of his conduct and delay in moving to do so.

To exemplify these contentions fully would require a lengthy opinion that would serve no useful purpose. We have given the issues thorough consideration and when the deadwood is all cleared out the pith of the controversy is whether or not Eppes had a claim or a lien against the lands purchased by appellee that he is entitled to have enforced.

Much can be said in support of the contention of both parties hereto, but after all has been said we are driven to the conclusion that the scales of justice fall in the favor of Eppes. He paid good money for his lots, was diligent in rescinding his contract, and secured a decree for his purchase money before the sale by the receiver to Dade Developers, Inc. That decree constituted a lien on the vendor's property at the time of the receivership sale and the purchaser at such sale took with notice of the lien and subject to the lienor's right to levy execution. State, *ex rel.* Eppes v. Lehman, 109 Fla. 331, 147 So. 907.

Eppes was not a party to the receivership suit, his suit to rescind was prosecuted promptly, and his judgment was secured before the sale by the receiver. The delay with which he is charged was primarily consumed in prosecuting his case to this Court, but he should not be penalized

for that. His judgment was of record and his execution was outstanding. Both causes were litigated simultaneously before the same judge and all the parties, lawyers, and litigants were on knowledge of both.

The record further discloses that the receiver in this cause was sought and granted at the request of a stockholder rather than a creditor. In fact, the proceeding grew out of a dispute among the stockholders and the court took the property in custody for the purpose of preserving it for the beneficial owners rather than to distribute it or its proceeds among creditors. The receiver acted at all times for the benefit of the stockholders and when the property was sold the proceeds went to the receiver and not to the creditors.

It is quite true that some two years after the appointment of the receiver he was ordered to advertise notice and sell the assets held by him free of all liens except such as existed when the receiver was appointed, but it is not made to appear that notice to creditors was ever published after liquidation of the corporation was determined. Even if Eppes had not been possessed of a prior claim he was not given a chance the law grants him to collect as a creditor. Ross v. Titworth, 37 N. J. Eq. 333; Ellicott v. The United States Insurance Co., 7 Gill (Md.) 307; Johnson v. Garner, 233 Fed. 756 (D. C. Nev.).

The appointment of the receiver did not determine any right of Eppes or the appellee, nor did such appointment affect the title to the property in any way. The receiver is the officer of the court and his appointment does not deprive either party of his right of possession. He holds for the rightful owner until that is determined. Elliott v. The United States Insurance Co., *supra*.

For these reasons the judgment below must be and is hereby reversed.

Reversed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., not participating.

DAVIS, J. (concurring).—Had the receiver been acting in a suit brought by a superior lien holder to the Eppes decree, the sale ordered to be made by the receiver free and clear of all liens except such as existed at the date the receiver was appointed, would have bound Eppes and cut off his rights against the assets the receiver subsequently sold under order of the Court.

But the receivership was nothing more nor less than an "umbrella" receivership occasioned by a fight amongst stockholders, all of whose interests are *en masse* subordinate to the claims of creditors. I concur in reversal on this theory.