JOHN J. ORR, O. W. REINDERS, TAMPA PUBLISHING COMPANY, D. C. COLEMAN, Sheriff, Dade County, v. DADE DEVELOPERS, INC.

190 So. 20

En Banc

Opinion Filed May 16, 1939

Rehearing Denied June 16, 1939

Extraordinary Petition for Rehearing Denied June 30, 1939

*Hudson & Cason* and *Fred Paradise,* for Appellants;

*Marion E. Sibley, George L. Patterson & Whitfield & Whitfield,* for Appellee.

PER CURIAM.—This case is here on appeal from a final decree permanently enjoining the sale of designated real estate on the part of the defendants below under writs of execution and· confirming the title thereto in the plaintiff below, the appellee here. The record shows that on March 19, 1926, the Tampa Publishing Company filed suit in the Civil Court of Record of Hillsborough County, Florida, against Florida Cities Finance Corporation, and on the 18th day of May, 1926, a judgment was entered for the plaintiff in the sum of· $2,142.41, and on the 24th day of May, 1926, a copy of the judgment so obtained was duly filed in the office of the Clerk of the Circuit Court of Dade County, Florida..

On March 13, 1926, the Miami Supply Company filed suit in the Civil Court of Record of Dade County, Florida, against Florida Cities Finance Corporation and on the 16th day of June, 1926, a judgment was entered for the plaintiff in the sum of $1,836.31 and a copy of the judgment was filed for record in the office of the Clerk of the Circuit Court of Dade County, Florida, on the 18th day of June,

1926, and said judgment was assigned and transferred to O. W. Reinders.

On the 19th day of April, 1926, John Orr filed suit in the Circuit Court of Dade County, Florida, against Florida Cities Finance Corporation for the foreclosure of a mortgage, and on September 2, 1926, a final decree was entered and the mortgaged property sold, and on the 5th day of October, 1926, a decree confirming the sale was entered and a deficiency judgment was allowed against the Florida Cities Finance Corporation in favor of John Orr in the sum of $7,307.07.

On May 21, 1926, E. K. Dahlman filed a stockholder's suit in the form of a bill in equity against the Florida Cities Finance Corporation, prayed for the appointment of a Receiver, the liquidation of the corporation, and the winding up of the business thereof, and Fred W. Vanderpool, on said date, was by the court appointed Receiver, with directions to take charge of the property of the corporation and hold it subject to the orders and decrees of the court, and the Receiver so appointed qualified and otherwise discharged his duties as Receiver under orders and decrees of the court after date of appointment until August 13, 1928, when a sale of the company's property was confirmed by a court order.

. On May 31st and July 5th, 1928, final decrees were entered in the Dahlman case, *supra,* and the provisions thereof directed the Receiver to advertise and sell the assets of the corporation and apply the proceeds: (a) to the liquidation of the expense of the receiver suit; (b) to the payment of the creditors and stockholders, as the court should order, and the sale would be free and clear of any liens, except such as were in existence and appeared of record on May 21, 1926. The entire assets of the corporation were sold pursuant to the final decree to the Dade

Developers, Inc., but no money was paid therefor, but a credit of the allowances for compensation made by the Court to the Receiver and his attorneys for the management of the property during the receivership and these credits were assigned to the Dade Developers, Inc. The sale was confirmed on August 13, 1928, and all persons were enjoined from claiming or attempting to assert any claim, right, title or interest in the property, so conveyed, to the Dade Developers, Inc., since the date of the appointment of the Receiver on May 21, 1926. The designated real estate, being assets of the corporation, was levied on under writs of execution issued on each of the three judgments, *supra,* and the properties against which the writs of execution were levied were those of the Florida Cities Finance Corporation, and the properties so levied upon were advertised for sale on the rule day in April, 1937, and the final decree appealed from permanently enjoining the sale thereunder was made and entered by the Circuit Court of Dade County, Florida, on March 9, 1938, and the same is assigned as error in this Court.

The theory of the plaintiff's case in the lower court was that the Dahlman suit was brought for the benefit of all the creditors of Florida Cities Finance Corporation, and the defendants below and appellants here were made parties to that suit under a publication order of court requiring all creditors to present their claims and that upon their failure so to do the creditors and each of them would be barred from the right of recovery, and all the legal rights of appellants had been fully adjudicated in the case of Orr v. Dade Developers, Inc. The defendant's theory of the case in the lower court was that the defendants were in no manner bound by the orders of the Dahlman case, because they were not parties thereto and in no manner bound by the

orders or judgment and that the Dade Developers, Inc., acquired title or ownership in the designated real estate levied upon under writs of execution in the three cases subject to the judgment liens *supra* of appellant. It is shown that the sale of the assets of the Florida Cities Finance Corporation was confirmed on the 13th day of August, 1928, and the judgment liens *supra* had been of record approximately two years prior thereto and as shown by the records *supra* in the office of the Clerk of the Circuit Court of Dade County, Florida.

Counsel for appellants submit that the question to be decided by this Court is, viz.: "Where suits were filed by A, B and C prior to May 21, 1926, against a given defendant, and in a suit, filed in Dade County by X, a stockholder, against the same defendant on May 21, 1926, a Receiver was immediately appointed and the suits filed by A. B. and C ripened into judgments which were duly recorded in the office of the Clerk of the Circuit Court of Dade County on May 24, 1926, June 18, 1926, and October 6, 1926, respectively, and thereafter under order of the Court the Receiver in the suit filed by X to which A, B and C were never parties, sold the assets of the defendant and the sale was confirmed on August 13, 1928, do the judgments of A, B and C constitute liens superior to the claims of the purchaser at the Receiver's sale?" Likewise that the answer thereto is found in State, *ex rel.,* Eppes v. Lehman, Sheriff, 109 Fla. 331, 147 So. 907; Eppes v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875.

While counsel for appellee distinguish between the cases, *supra,* and the one at bar, viz.:

"1. In the Eppes case, Dade Developers, Inc., rested its claim simply on legal title; while in the case at bar, it rests its claim on a charge or lien allowed to the receiver and his attorneys for preserving the assets.

"2. In the Eppes case, the Court rested its decision on the fact that he was not made a party to the receivership suit; while in the case at bar, the appellants were made parties; and they participated in the receivership proceedings. ·

"3. In the Eppes case, the Court held that the receiver took charge of the custody of the property for the purpose of preserving it for the beneficial owners rather than to disburse its proceeds among the creditors; while in the case at bar, it is shown that the receiver, under the amended bill of complaint which made the proceedings essentially a creditors' bill, preserved the property for the benefit of the creditors.

"4. In the Eppes case, it is found that the receiver acted at all time for the benefit of stockholders; while in the case at bar, it is shown that the receiver was in constant touch with the creditors, was acting for them, and that his efforts were expended in preserving the property for the benefit of the creditors and looking toward their payment in full.

"5. In the Eppes case, there was no question of subrogation; while in the case at bar, the appellee has spent large sums of money in preserving the property, and claims that the appellants should not now be heard to question its title.

"In the case at bar, the appellants were made parties defendant at an early stage of the proceeding and notice was served on them. They appeared in the proceeding and participated therein.

"It is shown by the pleadings and proof that three days after the filing of the original bill. an amended bill was filed, making the proceedings essentially a creditors' suit. In the amended bill it was prayed that the property be marshaled, and that the creditors be paid off. The amended

bill was brought in behalf not only of the original plaintiff but also of all creditors.

"It is further shown by the pleadings and proof in the case at bar, that the administration of the estate was essentially for the payment of creditors; that a creditor's committee was appointed; that the receiver was in close touch with this committee; that the receiver procured an offer for sale of the property with a view of paying up in full the creditors; that creditors were served with notice by publication to file their claim, and that this was done under order of the Court.

"It is further shown that the receiver was not acting for the benefit of stockholders, but that he was acting solely and primarily for the protection of the creditors."

We have given careful consideration to the contention of counsel for the appellee in their efforts to distinguish the case at bar from the authorities *supra*. The evidence offered in the lower court detailed the services rendered the Florida Cities Finance Corporation in the Fraud Order proceeding held in Washington, and resisting the application of creditors to throw it in bankruptcy, and other labor or service in its behalf. It cannot be overlooked that the appellee took title to the property on the sale of August 6, 1928, in a suit on the part of a stockholder of the corporation rather than as a creditor.

The appointment of a receiver to protect and preserve the corpus of the property pending litigation does not affect the status of then existing liens on the property. While the Receiver is entitled to reasonable compensation for his services, the legal effect of affirming and enforcing the same should not extinguish liens existing at the time the Receiver is appointed. See Knickerbocker Trust Co. v. Green Bay Phosphate Co. 62 Fla. 519, 56 So. 699. We think the case at bar is controlled or ruled by State, *ex rel.,*

Eppes v. Lehman, Sheriff, and Eppes v. Dade Developers, Inc., *supra.*

The decree appealed from is reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.

## ON PETITION FOR REHEARING
### Opinion Filed June 16, 1939

PER CURIAM.—The record in this case shows that the Tampa Publishing Company, on May 24, 1926, obtained a judgment against the Florida Cities Finance Corporation; on June 18, 1926, Miami Supply Company obtained a judgment against the Florida Cities Finance Corporation; on October 5, 1926, John Orr obtained a deficiency decree against Florida Cities Finance Corporation, and copies thereof were caused to be recorded among the public records of Dade County, Florida. The Miami Supply Company judgment was assigned to O. W. Reinders. The three suits had been instituted and were then pending in the courts against the Florida Cities Finance Corporation prior to May 21, 1926.

On May 21, 1926, E. K. Dahlman filed a bill in equity in the Circuit Court of Dade County, Florida, against Florida Cities Finance Corporation, a corporation, praying for the appointment of a Receiver, the liquidation of the corporation, and the winding up of its affairs, and Fred W. Vanderpool was appointed and qualified as such Receiver. The Receiver, under the terms of the final decrees dated May 31st and July 5th, 1928, was directed to advertise and sell the assets of the corporation and apply

the proceeds: (a) to the expense of the receivership suit; (b) to the payment of the creditors and stockholders; (c) and to sell the real estate of the corporation free and clear of all liens except such as existed and appeared of record on May 21, 1926. The entire assets of the Florida Cities Finance Corporation were sold to Dade Developers, Inc., and paid for by a credit of the allowance for compensation made to the Receiver and his attorneys, who had assigned their claims to Dade Developers, Inc. The sale was confirmed August 13, 1928, and all persons claiming through said corporation and its Receivers since May 21, 1926, were enjoined from claiming, or attempting to claim, any right, title or interest in and to said property.

Writs of execution on the judgments, *supra,* were levied on the properties of the Florida Cities Finance Corporation, purchased from the Receiver by the Dade Developers, Inc., at the sale on the rule day in April, 1937. The present suit was filed to restrain the sale under the writs of execution, *supra,* and it was alleged that the Dahlman suit was brought for the benefit of creditors and that the judgment creditors had been made parties to that suit because of a publication order of the Court requiring creditors to present claims to the Receiver or be barred from right of recovery and the rights of the judgment creditors had been adjudicated.

An Answer was filed, testimony taken and a final decree entered on March 9, 1938, permanently enjoining John Orr, O. W. Reinders, Tampa Publishing Company, and D. C. Coleman, Sheriff of Dade County, Florida, from selling the property described in the bill of complaint, and forever quieted and confirmed the title in the plaintiff below. An appeal has been perfected to this Court and the final decree assigned as error. The final decree was reversed in the original opinion.

On petition for rehearing it is contended that the case at bar is controlled by Knickerbocker Trust Co. v. Green Bay Phosphate Co., 62 Fla. 519, 56 So. 699. In that case a Receiver was appointed for the Phosphate Company, a private corporation, on the complaint of a stockholder, who was likewise a creditor. The Receiver was appointed, and, with the approval of the court, Receiver's Certificates were issued. There were lien creditors who were not made parties to the receivership proceedings, and the question arose whether or not the Receiver's Certificates should take priority over the judgment liens. It was held that the court had no power to authorize a Receiver of a private corporation to incur liabilities in the operation of the property and to decree that the liabilities in the operation should take priority over existing lien holders. The exact language is, viz.:

" * * * But a court of equity is not in general authorized to empower a receiver of a mere private corporation, having no duty to perform a service of a public nature, to incur liabilities in the operation of the property of the corporation and to give such liabilities priority over existing lien holders who are not parties to the receivership proceedings and have not consented to or acquiesced therein, in the absence of some special equity in favor of general creditors. Lehman v. Trust Company of America, 57 Fla. 473, 49 South. Rep. 502. See also Gregg v. Metropolitan Trust Co., 197 U. S. 183, 25 Sup. Ct. Rep. 415 * * *"

The Florida Cities Finance Corporation operated the real estate development known as Fulford by the Sea, a private corporation, and the Receiver continued the business of the company by collecting on land contracts and paying operating expenses and obligations of the company. It was necessary for him to employ counsel in opposing

a proposed mail fraud order issued, or about to issue, against the Florida Cities Finance Corporation. Counsel was employed under said order of the Court and the services were rendered by the Receiver and counsel.

We have given careful consideration to each ground of the petition for rehearing and hold that the case at bar is controlled by State, *ex rel.* Eppes v. Lehman, 109 Fla. 331, 147 So. 907; Eppes v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875.

The petition for rehearing is denied.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to conclusion.

BROWN and BUFORD, J. J., dissent.

BROWN, J. (dissenting).—It seems to me that the necessary costs and attorney's fees of the receivership which were allowed by the Court had precedence over judgment liens acquired after the receiver was appointed, and that the assignee of such claims could use them, with the Court's approval, in paying for the property bid in at the sale.

BUFORD, J., concurs.

EXTRAORDINARY PETITION FOR REHEARING
Opinion Filed June 30, 1939

PER CURIAM.—The quotation in the opinion in citing Knickerbocker Trust Co. v. Green Bay Phosphate Co., 62 Fla. 519, 56 So. 699, contains the following: "In the absence of some special equity." Upon the reversal of the decree appealed from, the Chancellor may review his findings as to the expenses allowed the Receiver and his attorneys in conducting the business of the corporation to determine again, if equity requires it, whether *all* of the expenses allowed were in equity *proper and necessary in* preserving the corporate property for the benefit of the

creditors and stockholders of the corporation, the rule being stated that such proper and necessary expenses have priority over liens acquired *after* the date of the appointment of the Receiver.

Petition for rehearing denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.