IN THE MATTER OF: Levy of Alias Writs of Execution Against Property of Florida Cities Finance Company, a Florida Corporation.

JOHN J. ORR, O. W. REINDERS, RED & WHITE SERVICE STATION, INC., FRED PARADISE v. ALLEN-HANFORD, INC., HOWARD A. DODGE, R. E. SIMPSON.

27 So. (2nd) 823
October 11, 1946
Rehearing denied November 6, 1946

June Term, 1946
En Banc

*Fred Paradise, W. J. Oven, Jr.,* and *J. Lewis Hall,* for appellants.

*Lewis Twyman* for Allen Hanford, Inc., appellee; *Uly O. Thompson* for R. E. Simpson, intervenor; *Burnett Roth* for Howard A. Dodge, appellee.

TERRELL, J.:

Pursuant to Section 30.30 (5), Florida Statutes 1941, Chapter 22019, Acts of 1943, the Sheriff of Dade County filed his petition in the Circuit Court alleging that writs of fieri facias had been delivered to him based on judgments secured in 1926 by John J. Orr, Miami Supply Company, and Red and White Service Station, Inc., against Florida Cities Finance Company; that on March 8, 1946, the attorney for the judgment creditors had requested the Sheriff to levy on certain lots in Fulford-by-the-Sea to satisfy said judgments; that on March

19, 1946, the attorney for Allen-Hanford, Inc., made written protest objecting to said levy, claiming title to a majority of the lots, and alleging that all lots not held by it were held by grantees under warranty deeds from Allen-Hanford, Inc.

A rule was directed to the judgment creditors and to Allen-Hanford, Inc., requiring them to show cause why all the lands should not be levied on in compliance with the writ. To this rule the judgment creditors answered, setting up the date and record of their judgments, the assignment of the Miami Supply Company judgment to O. W. Reinders, and the fact that title to the lots was vested in Florida Cities Company, the judgment debtor at the time the judgments were secured. The answer also made mention of a foreclosure proceeding against said lots by Miami Bank and Trust Company based on a mortgage given before the entry of the judgments in question, but foreclosed after they were secured; the fact that none of the judgment creditors were made parties to said foreclosure suit and that mortgagee bought the property at the foreclosure sale and thereafter conveyed the lots to Allen-Hanford, Inc.

Attorney for the judgment creditors also filed a petition for affirmative relief, claiming a lien against each of said judgments for legal services in securing them and prayed for decree determining his interest in the respective judgments, despite the fact that Orr and Reinders had assigned their judgments to Howard Dodge and T. F. Haynes.

Allen-Hanford, Inc., filed their response to the rule to show cause, offering the following defenses: (1) The lots involved are no longer in the name of Florida Cities Finance Company. (2) The Orr judgment had been paid in part from the proceeds of a prior sale. (3) That counsel acting for Orr did not show authority to act in behalf of Howard A. Dodge, assignee of one-half interest in the Orr judgment. (4) That the Orr judgment is dormant and that the execution issued in 1926 is not sufficient to keep it alive. (5) In the foreclosure proceeding against Florida Cities Finance Company, one, Vanderpool, as receiver of the property, was made a party defendant and that, being so, the interest of the judgment creditors was foreclosed with the main foreclosure. (6) That records in the

sheriff's office show that the Miami Supply Company judgment has been satisfied in full. (7) That the Miami Supply Company judgment has been assigned to T. F. Haynes. (8) That the Red and White Service Station judgment was dormant because the execution issued March 31, 1937, entitled alias writ, was, in fact, the first execution issued.

Allen-Hanford, Inc., moved to strike the petition of Fred Paradise, on the ground that it raised collateral issues not embraced in the main case. George E. Simpson filed petition to intervene, followed by a response opposing the levy, the grounds of which we do not deem it necessary to recite. Howard A. Dodge also filed a petition to intervene, on the ground that he was owner of one-half interest in the Orr judgment and for other reasons. On final hearing of the issues so made, the Court determined that the real estate in question was not subject to levy under any of the writs of execution and ordered that the levy be not made. He also ordered the petition of Fred Paradise stricken. From these orders each respondent has appealed.

The question presented may be stated as follows: Florida Cities Finance Company held title to certain real estate that was subject to a mortgage. Respondents secured judgments against the holder of the mortgage, after which the mortgage was foreclosed, and respondents were not made parties defendant to the foreclosure suit. The judgments were regularly recorded. Can the judgment holders now have execution and their judgments satisfied against the property?

The judgments on which the executions were issued were secured in June, October, and December, 1926. This proceeding was instituted in April, 1946, almost twenty years after the judgments were secured. It is alleged that the land had been plotted into town lots and many of them sold; that the purchasers had constructed homes and made other improvements on them; and that some of them had been occupied long enough for the owners to acquire title by adverse possession.

It is also alleged that the mortgage was foreclosed seventeen years ago, when the lands were of little value; that a large amount of taxes had accumulated against them; that

Florida Cities Finance Corporation, the owner at foreclosure, is long since defunct; and that the claimants (judgment creditors) occupy the position of omitted junior encumbrances whose rights, if they have any, can be enforced only in a court of equity. It is also shown that many of the lots have been repeatedly conveyed, that their value has materially changed since the mortgage foreclosure, and that other things of material significance have taken place that affect said lands and their value.

To support their contention, appellants rely on State ex rel. Eppes v. Lehman, 109 Fla. 331, 147 So. 907; Eppes v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875; Orr v. Dade Developers, Inc., 138 Fla. 122, 190 So. 20; Lott, Inc., v. Padgett et al., 153 Fla. 304, 14 So. (2nd) 667; Stewart et ux. v. Gaines, 103 Fla. 268, 137 So. 794; and similar cases.

We have examined these cases, and it appears that in each of them the claimants moved promptly to enforce execution before the property passed out of the hands of the purchaser at the execution sale, while in this case the judgment creditors waited for many years to enforce their executions, during which time a large number of lots were alleged to have been sold and passed into the hands of third parties. If it can be shown that the judgment creditors stood by and watched these sales and improvements take place and title by adverse possession vested in others, they should not be permitted to satisfy their judgment from the lands. The pleadings set up other intervening equities which, if proven, would bar recovery.

Appellants may satisfy their judgments within twenty years, but, when undue delays are exercised without reason shown therefor, equitable defenses become available that may cut off the right to satisfy the judgment. In seventeen years of silence, many things could take place that would make it unconscionable to satisfy the judgment in question. The Court below refused to grant relief, and we cannot say that he committed error in the light of the defenses raised.

His judgment is accordingly affirmed, but without prejudice to sue in equity if the claimants may be so advised.

Affirmed.

38

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and SEBRING, JJ., concur.

ADAMS, J., dissents.

