PER CURIAM.
Appellants, defendants in the trial court, seek review of adverse summary judgment of foreclosure of a judgment lien on real property belonging to them.
The appellee-plaintiff in this cause forfeited its right to present oral argument due to its failure to file a brief. See, F. A.R. 3.7(b), 32 F.S.A.
The facts of this case as gleaned from the appellant’s brief and the record on appeal are as follows: On October 25, 1962, a judgment was recovered by one, Isaiah Brown, for $181.60 against the appellants’ predecessors in title, Calvin and Lois El-dridge. The judgment was recorded on June 1, 1964. Appellants purchased the property in question in 1965, and they maintain that they had no knowledge that a judgment lien existed upon the property until this action was instituted. Moreover, appellants contend that Brown, the judgment creditor, took no steps to collect upon the judgment.
Thereafter, on September 11, 1969, while residents in Bogota, Colombia, the appellants received a letter from Elliot L. Miller, vice-president of the appellee and the corporation’s attorney. Miller explained in this letter that he was aware of another foreclosure proceeding against the property (ultimately dismissed), and he offered the appellants $200 in cash for the property. Together with the letter, Miller enclosed a quit-claim deed for the appellants to sign in the event they wished to convey the property to the appellee. Appellants did not accept the offer. They contend the property is worth far in excess of $200.
Subsequently, on October 28, 1969, the appellee through Miller purchased the judgment held by Brown for $100, and on October 7, 1970 the appellee filed this action seeking foreclosure of the lien to satisfy the money due on the original judgment.
After extensive and what must be characterized as hostile procedural skirmishings between Miller and the appellants’ counsel in this case, an amended answer was filed in which the appellants set forth their equitable defenses of laches and estoppel.
This cause eventually came on for a final hearing on December 4, 1973, and the trial judge entered judgment in favor of the appellee ordering that the property be sold to satisfy the judgment.
By this appeal, appellants again assert laches and equitable estoppel as a bar to foreclosure, and in addition, assert a moral estoppel based upon alleged professional misconduct by attorney Miller, acting in his capacity as appellee’s counsel.
For purposes of our determination of this case, it is unnecessary for this court to consider this latter point. We do find merit to appellants’ equitable defenses as a bar to this action, and accordingly we reverse.
Of course, a party ordinarily has twenty years in which to enforce a judgment in Florida. However, when undue delays are exercised without sufficient reason, it has been held that equitable defen-es may be raised which may cut off the right to satisfy a judgment. Orr v. Allen-Hanford, Inc., Fla.1946, 158 Fla. 34, 27 So.2d 823; Blackburn v. Venice Inlet Co., Fla. 1949, 38 So.2d 43.
In the instant case, no effort was undertaken by the original judgment creditor, Brown, to satisfy his judgment, and it *401 was not until eight years later that the ap-pellee brought this action which informed the appellants for the first time of the existence of the judgment.
It is also apparent that appellee’s motive in purchasing the judgment was to assist it in acquiring the appellants’ property at a reduced price. To permit foreclosure on a relatively valuable piece of property to satisfy the comparatively meager sum due because of the judgment would be inequitable under the circumstances of this case.
Therefore, for the reasons stated, the judgment appealed is reversed and the cause is remanded with directions to enter judgment in favor of the appellants.
Reversed and remanded with directions.