THREADGILL, Chief Judge.
SouthTrust Bank of Southwest Florida, N.A. (the bank), formerly known as Island Bank, ■ appeals a nonfmal order determining its interest in certain assets in its possession. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3), (5). We reverse.
This shareholder’s derivative action was commenced by a shareholder of Seminole Horticulturists, Inc. (the corporation). The complaint sought an accounting by the corporate president, appointment of a receiver, and certain injunctive relief. The bank was not named as a party in the lawsuit. When William N. Krause was appointed receiver, the corporation had an existing business checking account and a certificate of deposit at the bank. The bank claimed a right to set-off in these accounts. The bank also claimed a security interest in an account receivable of the corporation. The receiver filed a motion asking the court to determine the validity of the bank’s claims against these assets. The bank did not appear at the hearing on this motion. After the hearing, the trial court entered an order dated June 26, 1995, which directed the bank to immediately tender the accounts to the receiver and to withdraw its claim against the corporation’s account receivable.
The bank entered a special appearance seeking to have the order of June 26, 1995, declared void, pursuant to Florida Rule of Civil Procedure 1.540(b), on the ground that the trial court did not have jurisdiction to determine the bank’s property rights. After a hearing on the bank’s special appearance, the trial court entered an order dated November 28, 1995, which directed the bank to immediately tender the balance of the checking account to the receiver and to provide evidence of its perfected security interest in the certificate of deposit to the receiver. In the order, the trial court also found that the bank has no interest in the account receivable. The bank appeals this order.
In determining the validity of the order, we find the opinion of the Court of Civil Appeals of Texas, in First National Bank of Plano v. State, 555 S.W.2d 200 (Tex.Civ.App.1977), instructive. In that case, also a receivership proceeding, a bank appealed a trial court’s refusal to vacate an order that required it to turn over to the receiver certain funds on deposit. As in this case, the bank had not been made a party to the suit. 555 S.W.2d at 201. The bank intervened to challenge the validity of the trial court’s order, arguing that the order arose from a prohibited summary proceeding without notice and asking the trial court to vacate the order. 555 S.W.2d at 202. The trial court denied the motion to vacate. Id. The Court of Civil Appeals reversed, holding that a receiver has no greater right to property than did the person whose property he was appointed to receive. 555 S.W.2d at 203. The court held *370 that if a receiver wishes to obtain possession of property in the hands of a stranger to the suit, he must make that person a party or file a separate action against him. Id.
The receiver contends that First National Bank of Plano is inapplicable because the funds in that case existed prior to the receivership, while in this case the funds were operating funds generated during the receivership. This is a factual question that must be determined by the trial court once due process has been afforded the bank and the bank is given the opportunity to present evidence on the issue. Further, the trial court was not authorized to empower the receiver of a private corporation to incur liabilities in operating the corporation and to give such liabilities priority over existing lienholders who are not parties to the receivership and who have not acquiesced therein. Knickerbocker Trust Co. v. Green Bay Phosphate Co., 62 Fla. 519, 56 So. 699 (1911); see also Eppes v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875 (1936) (receiver is officer of court and his appointment does not deprive party of right ■ of possession; he holds for rightful owner until that is determined).
The trial court did not have jurisdiction over the bank in this case. For a court to have jurisdiction over the person of a defendant, the defendant must be served with valid original process and a copy of the initial pleading by personal service or by substituted service in accordance with the Florida Statutes and the Rules of Civil Procedure. Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). The bank was not named as a party in the lawsuit and was not served with process or a copy of the complaint. Nor did the bank submit to the jurisdiction of the court because its only appearance in the case was to challenge the court’s jurisdiction over it. Because the trial court did not have jurisdiction over the bank, it was without authority to direct the bank to turn over the funds on deposit. The trial court should have granted the bank’s motion for relief from the order of June 26, 1995. We therefore reverse the order of November 28, 1995, and remand for further proceedings.
Reversed.
RYDER and QUINCE, JJ., concur.