POLEN, J.
Appellants, Gilbert and Sandra Gamez, appeal the trial court’s non-final order denying their motion to quash/vacate a prior order which authorized the levy and execution sale of their real property. The Ga-mezes argue the trial coui’t erred in denying their Motion to Quash/ Vacate the *222 Order Authorizing Levy because the Order Authorizing Levy was entered in violation of their procedural due process rights. We hold that there was no error and affirm.
On or about July 29, 1989, Angela Vol-mar inherited a 1/3 interest in Lots 10, 12, and 14 of Tropical Village Estates located in Indian River County. On June 17,1991, First Union National Bank of Florida obtained a final default judgment against Robert and Angela Volmar in the amount of $8,078.65 which was recorded in Indian River County public records the next day.
In February 1996, Angela Volmar inherited another 1/6 interest in Lots 10,12, and 14 making her the owner of a 1/2 interest in the subject lots. On November 28, 2000, a certified copy of First Union’s judgment was re-recorded in the Indian River County public records. Also on that date, the affidavit of Robert D. Friedman, counsel for First Union, was recorded in the Indian River County public records with the final judgment. The affidavit provided an address for the plaintiff/lien holder, Cypress Recovery Corporation, and listed the defendants as “Robert W. Volmar, et al.” but did not specifically list Angela Volmar as a defendant.
On February 22, 2003, Angela Volmar conveyed her 1/2 interest in Lots 10, 12 and 14 to John Swearingen via Warranty Deed. On May 21, 2003, John Swearingen conveyed Lots 10 and 12[1] to Gilberto and Sandra Gamez.
In January 2009, Cypress Recovery Corporation, as assignee of First Union, filed a Motion for Order Authorizing Levy of Real Property. The motion contained a certificate of service stating that a copy of the motion had been provided to Angela Vol-mar and Gilberto and Sandra Gamez. Following a hearing at which Gilberto and Sandra Gamez were present,[2] the trial court granted the motion finding that Angela Volmar’s 2003 transfer of the property was subject to the lien of First Union’s final judgment. The order also authorized the Indian River County Sheriff to levy on the property “now owned by Gilberto Gamez and Sandra Gamez, which may be sold at execution sale.”[3] On May 20, 2009, Cypress Recovery Corporation filed an Ex Parte Motion for Writ of Alias Execution in order to proceed with its levy of the subject property. No certificate of service was attached to the motion. Legal counsel for Gilberto and Sandra Gamez entered a Notice of Appearance on June 1, 2009. On June 8, 2009, the trial court granted the motion on an ex parte basis and issued an Alias Execution on June 9, 2009.
Gilberto and Sandra Gamez filed a Motion to Quash and/or Vacate the Order Authorizing Levy and to Stay Levy and/or Execution Sale arguing they had not been properly joined as parties to the action and that the Order Authorizing Levy was procedurally and legally deficient. Specifically, the Gamezes argued that a judgment creditor seeking to levy upon real property titled in the name of a third party/non- *223 debtor must implead that third party and proceed under section 56.29, Florida Statutes (2005), which Cypress Recovery had failed to do. Gilberto and Sandra Gamez also proposed several affirmative defenses which they could argue once the trial court afforded them due process. Specifically, the Gamezes planned to assert that (1) the lien is no longer valid because it was not properly rerecorded every seven years,[4] and (2) because the affidavit recorded with the lien did not name Angela Volmar as a defendant, Gilberto and Sandra Gamez had no actual knowledge of the subject final judgment. During a hearing on the motion, Cypress Recovery argued that the procedure which the Gamezes argued was required involved personal property, and thus was not required in the present case which involves the levy of real property. The trial court denied the Gamezes’ Motion to Quash/Vacate. Gilberto and Sandra Gamez now timely appeal.
The Gamezes insist that Cypress Recovery was and is required to initiate proceedings supplementary under section 56.29, Florida Statutes, and that its failure to do so violates their procedural due process rights. Generally, section 56.29 provides that a judgment creditor may file an affidavit stating that it holds an unsatisfied judgment and that the execution is valid and outstanding. § 56.29(1), Fla. Stat. (2005). Once a judgment creditor has filed such an affidavit, it is entitled to proceedings supplementary, which are a “procedural mechanism that provide a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment.” In re Hill, 332 B.R. 835, 843 (M.D.Fla.2005).
The Gamezes point specifically to section 56.29(5) which provides: “The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.” As this court has noted, “Supplementary proceedings are a creature of statute to aid a judgment creditor in discovering assets of the debtor which might be appropriated to satisfy the judgment.” Conrad v. McMechen, 338 So.2d 1306, 1307 (Fla. 4th DCA 1976).
Cypress calls this court’s attention to In re Hinton, 378 B.R. 371 (M.D.Fla.2007), in which the court stated that a plain reading of section 56.29 makes it clear that the “court’s powers to help a judgment creditor obtain transferred property expressly apply only to personal property and not to real property.” Id. at 383.
Section 56.21, Florida Statutes (2005), establishes the notice requirement for the execution sale of real property and provides in relevant part:
Notice of all sales under execution shall be given by advertisement once each week for 4 successive weeks in a newspaper published in the county in which the sale is to take place.... On or before the date of the first publication or posting of the notice of sale, a copy of the notice of sale shall be furnished by certified mail to the attorney of record of the judgment debtor, or to the judgment debtor at the judgment debtor’s last known address if the judgment debtor does not have an attorney of record.... When levying upon real property, notice of such levy and execution sale shall be made to the property *224 owner of record in the same manner as notice is made to any judgment debtor pursuant to this section. When selling real or personal property, the sale date shall not be earlier than 30 days after the date of the first advertisement.
Thus, Cypress Recovery maintains that the Gamezes’ due process rights are provided for and satisfied by the requirements of section 56.21. In addition, Florida courts have consistently held that individuals who purchase real property after a judgment lien has been recorded, as Gilberto and Sandra Gamez did in the present case, take title with notice of the lien and subject to the lienor’s right to levy execution. E.g., Eppes v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875 (1936); State ex rel. Eppes v. Lehman, 109 Fla. 331, 147 So. 907 (1933); Sharpe v. Calabrese, 528 So.2d 947 (Fla. 5th DCA 1988).
Procedural due process requires notice and a real opportunity to be heard. Keys Citizens For Responsible Gov’t, Inc. v. Florida Keys Aqueduct Auth., 795 So.2d 940, 948 (Fla.2001).
[T]he notice must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pen-dency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.”
Id, (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)) (emphasis added). Mullane suggests that fulfilling a party’s due process rights is not the duty or burden of any specific entity but rather that a party whose rights may ultimately be affected by a proceeding must be given notice enough in advance so that he may obtain a hearing before he is deprived of his property.
Section 56.21 provides for sufficient notice to a third party real property owner and affords such property owners a reasonable time to make an appearance. Where the third party property owner is given notice as required by section 56.21, they have the opportunity to intervene in the action and assert their defenses. Inasmuch as the Gamezes have not yet received notice of the execution sale of their property and have not even attempted to intervene in the action, their procedural due process rights have not been violated by the proceedings below. Thus, we affirm the trial court’s order denying the motion to quash/Vacate.

Affirmed.

WARNER and STEVENSON, JJ., concur.

. According to appellants' initial brief, Swear-ingen had obtained the other 1/2 interest in the property via an earlier Warranty Deed from the other co-owner of the property.

. There is no transcript of this hearing. However, it was noted at a later hearing that Gilberto and Sandra Gamez were present at this hearing. The court advised the appellants to contact their title insurance company.

.The order did not limit the levy to Angela Volmar's previous 1/2 interest in the property. However, During the June 30, 2009 hearing, counsel acknowledged that only the 1/2 interest previously held by Angela Volmar would be levied.

. Prior to its amendment in 2000, section 55.10, Florida Statutes, provided that a judgment remained a lien on property for a period of seven years after which it must be rerecorded. This section currently provides that a judgment remains a lien on real property for ten years after which it must be rerecorded. See § 55.10, Fla. Stat. (2000).