STATE OF FLORIDA, *ex rel.* EDWARD B. EPPES, *Relator, Plaintiff in Error,* v. M. P. LEHMAN, Sheriff of Dade County, Florida, *Respondent, Defendant in Error.*

147 So. 907.

En Banc.

Opinion filed April 7, 1933.

Re-hearing denied May 17, 1933.

*W. J. Oven* and *Edward B. Eppes,* for Plaintiff in Error; *Burwell & Sibley,* for Defendant in Error.

PER CURIAM.—This case is before us for review on writ of error to an order of the Circuit Court for Dade County, quashing an alternative writ of mandamus.

On October 13, 1930, Edward B. Eppes, as relator, filed his petition for alternative writ of mandamus against the Sheriff of Dade County in which he alleged that on March 24, 1926, he had filed two suits in Chancery in said Circuit Court against the Florida Cities Finance Company, Inc., a Florida corporation with offices located in Dade County, Florida, which causes had proceeded thereafter to final decree in favor of the relator in each of said causes on August 6, 1928; that in one of said suits a money decree was rendered in favor of relator for the sum of $1875.00 with interest thereon and costs, and in the other, for the sum of $875.00 with interest and costs; that each of said decrees provided for the issuance of execution and that executions were regularly issued in each suit on said August 6, 1928, and such executions were on that date placed in the hands of the sheriff of Dade County, with instructions and demand on the said sheriff to levy said executions on any and all property in Dade County belonging to said defendant, and a list and description of said property upon which the levy was demanded was given to said sheriff.

That relator placed the aforesaid execution in the hands of M. P. Lehman, sheriff of said county, and on November 24, 1929, demanded of him to levy the same on any and all of the property belonging to said Florida Cities Finance Company on August 6, 1928, but that said sheriff failed and refused to make such levy. There was attached to the petition for the writ certified copies of the two decrees referred to. These decrees provide for the descision and cancellation of certain contracts entered into between Edward B. Eppes and Florida Cities Finance Company in October, 1925, for the purchase of certain lots, holding the same to be null and void, and ordering the defendant to pay to the complainant that portion of the purchase price which had been paid thereon, "for which let execution issue."

No lien appears to have been prayed for or granted. The decrees are in effect money judgments.

An alternative writ of mandamus was duly issued, and Sheriff Lehman filed a response in which he admitted his refusal to levy, but alleged that as his reason therefor that the property referred to was not subject to the lien of such execution, and that respondent should not be required to levy the same for the following reasons:

"First. On the 21st day of May, 1926, E. K. Dahlman as complainant filed his bill in this court against the Florida Cities Finance Company, a Florida corporation, being Equity No. 13017, in which bill the complainant among other things prayed for the appointment of a receiver for the liquidation of said corporation; that under said bill Fred W. Vanderpool was on the 21st day of May, 1926, appointed a receiver of this Court to take possession of and hold and administer all of the assets of the Florida Cities Finance Company, the assets taken possession of by

said receiver embracing properties described in the list furnished to this respondent by the relator herein. That in due course of said litigation a final decree was entered therein by His Honor, H. F. Atkinson, one of the Judges of this Court, on the 11th day of May, 1928, which decree is recorded in Chancery Order Book 127 at page 11, and did enter a supplemental decree in said cause on the 5th day of July, 1928, which was recorded in Chancery Book 130 at page 161.

"Second. That under the provisions of said decree it was directed that the assets including the property described in said list furnished to your respondent, be sold at public outcry by the Master appointed by this Court, and that in pursuance of said decree said assets including the properties described in said list so furnished to this respondent, were sold at public outcry and were purchased by Dade Developers, Inc., a Florida corporation; that report of said sale was duly made and on the 13th day of August, 1928, under and by a decree signed by the Honorable H. F. Atkinson, one of the Judges of this Court, which decree is recorded in Chancery Order Book 134 at page 172, said sale was confirmed and all persons whomsoever claiming by, through or under the Florida Cities Finance Company were collectively and individually permanently and perpetually restrained and enjoined from claiming or attempting to claim, or asserting any claim, right, title or interest whatever to any of said property so conveyed by the Master arising since the 21st day of May, 1926,' and from asserting against the same or any part thereof or attempting to so assert, any lien or alleged lien, any interest, pretended or alleged interest or estate of any character, in and to the said property or any part thereof arising since the date of the appointment of said Receiver and from bringing or

attempting to bring any suit at law or in equity for the purpose of asserting or attempting to assert any claim, lien or other demand upon or against the same or any part thereof.' That no appeal was taken from said decree but that said decree is final and conclusive on this respondent and on the relator in this cause.

\* \* \*

"Sixth: That subsequent to the entry of said decree John J. Orr and O. W. Reinders, Complainants, filed their bill in this Court against the Florida Cities Finance Company, a Florida corporation, Dade Developers, Inc., a Florida corporation, and E. K. Dahlman, defendants, being Equity No. 25445, wherein they pray that the said decree of August 13, 1928, 'be so modified as not to apply to your orators, it appearing that your orators were not parties to the suit in which said order was made.' That the decree of July 21, 1928, ordering said sale be set aside and vacated so far as the interest of your orators are affected; that the claims of the complainants be decreed to be superior in dignity to the title of Dade Developers, Inc., acquired by the sale of the assets under said decree of the Court; that they have leave to levy their executions on all legal assets of Dade Developers, Inc., acquired by said sale; that the deed to Dade Developers, Inc., conveying the assets of the Florida Cities Finance Company be cancelled as void against the creditors, and that all proceedings in the case of Dahlman against Florida Cities Finance Company be declared void as against the complainants.

"To this bill a demurrer was filed upon several counts, the first being that there was no equity in the bill. Upon hearing, the demurrer was by His Honor H. F. Atkinson, one of the Judges of this Court, sustained and an order entered sustaining the demurrer and dismissing the bill.

From this order and judgment of the Court appeal was taken by the complainants, John J. Orr and O. W. Reinders, to the Supreme Court of the State of Florida. That said cause was duly heard in the Supreme Court of the State of Florida, and on the 4th day of February, 1931, the Supreme Court of Florida affirmed by memorandum decision without opinion the judgment of this Circuit Court sustaining said demurrer and dismissing said bill.

"Seventh: This respondent further says that the issues involved in the levy of the executions held by the relator in this cause have been fully adjudicated and determined in the said case of Orr and Reinders against the Florida Cities Finance Company and Dade Developers, Inc., against the lien of the judgment of creditors whose judgments were entered subsequent to the date of the appointment of the receiver, to-wit, the 21st day of May, 1926. That the judgments of the relator were both obtained subsequent to said date and are controlled by said dismissal of the Court herein referred to, and the injunction of this Court restraining creditors and all other persons from attempting to assert liens of judgments obtained since May 21, 1926, is still in full force and binding upon both your respondent and the relator herein.

"Eighth: All of the records and proceedings in the cause of E. K. Dahlman v. Florida Cities Finance Company and of John J. Orr and O. W. Reinders, against Florida Cities Finance Company and Dade Developers, Inc., herein referred to are of file in this Court and reference thereto is herein prayed as fully and completely as though copies thereof had been hereto attached and made a part of this answer.

"WHEREFORE, this respondent prays that said alternative

writ of mandamus be quashed and that the prayer of the relator for a peremptory writ of mandamus be denied."

An agreed statement of facts was submitted to the Court which in the main set out the facts stated in the pleadings, but showing in addition thereto that the relator, at the time of filing his two suits in March, 1926, against the Florida Cities Finance Company, had filed a *lis pendens* in each suit, giving notice that said suits had been commenced, and giving a description of the lot involved in each case and set forth the nature of the relief prayed for by the relator in each of said causes. Also that the order and decrees in these suits were rendered by the same Judge who rendered all the orders and decrees in the receivership proceedings, and that said Judge had full knowledge of them and was fully advised in the premises, and that he signed the final decree in favor of the relator several days after his order of sale in receivership proceedings and before the sale was made and confirmed. It was further agreed that the relator did not in either of said suits, claim a lien upon the lots therein described or upon any other property of the Florida Cities Finance Company. The agreed statement of facts then continues as follows:

"It is agreed that after the said suits were filed by Relator, one E. K. Dahlman, on the 21st day of May, 1926, filed a suit in this Court on the Chancery side thereof, same being No. 13017-A, and being in the nature of a creditors bill, praying for a receiver and praying, in substance, that the affairs of the said Florida Cities Finance Company be wound up and liquidated by this Court, and distributed among the creditors, after the payment of the costs and expenses as the Court might decree therein, and that on the said 21st day of May, 1926, Fred W. Vanderpool was appointed receiver of this Court in said cause and

was directed to take possession of and hold and administer all of the assets of the Florida Cities Finance Company, that the said Fred W. Vanderpool, upon said day, did, in fact, take possession of and reduce to his custody all of the assets of said company, including the property described in the list presented to Respondent by the Relator and set forth in said alternative writ herein, and that in due course a final decree was entered in said chancery cause brought by E. K. Dahlman and that said decree ordering the sale of the property provided 'The said lots to be sold free and clear of all liens and encumbrances of whatsoever character, except as may have existed upon and against the same and appeared of record in the Public Records of Dade County, Florida, at the time of the appointment of the Receiver herein, that is to say, on the 21st day of May, 1926, and which may still be valid, subsisting and enforceable liens thereon.'

"It is agreed that under and by virtue of this decree all of the assets of the said Florida Cities Finance Company were sold by a Master in Chancery appointed by this Court for that purpose, which included the lands described in the alternative writ, and that the said property was purchased by the Dade Developers, Inc., a Florida corporation, and such sale was confirmed and under the decree of this Court a deed of conveyance was executed by said Master in Chancery to the said Dade Developers, Inc., which said deed embraces and contains the land described in the alternative writ herein.

"That the sale so made by the said Master in Chancery was confirmed by this Court and this Court entered a decree in said cause whereby all persons whomsoever claiming by, through or under the said Florida Cities Finance Company, were collectively and individually, permanently

and perpetually restrained and enjoined from claiming or attempting to claim or asserting any claim, right, title or interest whatsoever to any of the said property so conveyed by the Master arising since the 21st day of May, 1926, and from asserting against the same or any part thereof or attempting to so assert any lien or alleged lien, any interest, pretended or alleged interest or estate of any character, in or to the said property or any part thereof arising since the date of the appointment of said receiver and from bringing or attempting to bring any suit at law or in equity for the purpose of asserting or attempting to assert any claim, lien or other demand on or against the same or any part thereof, arising since the said 21st day of May, 1926, and that said decree still remains in full force and effect down to this date.

"It is agreed that the property described in the alternative writ herein and which the Relator desires the Respondent to levy upon by virtue of said two executions, stands in the name of the Dade Developers. Inc., as to the legal title, said Company holding said property at this time under and by virtue of the deed of the Master in Chancery of this Court herein above referred to, and that the Respondent has declined to make said levy upon any of said property because of the fact that the legal title thereto stands in the name of the said Dade Developers, Inc., as aforesaid, and because of the further fact and principally because Respondent believes that he is enjoined and restrained by the decree of this Court entered in, the said case of E. K. Dahlman versus Florida Cities Finance Company, hereinabove referred to, from making any such levy upon the property sought sold under the decree of the Court in that case, and the Respondent has refused and still refuses to

make said levy because of said injunction and restraining order."

Upon the hearing on the petition, alternative writ, return of sheriff and agreed statement of facts, the Circuit Judge made an order quashing the alternative writ and dismissing the cause at costs of relator, to which order writ of error was directed.

It was agreed that the file and proceedings in the cases above referred to should be considered by the Circuit Judge and the order was made by him transmitting the original files in said cases to this Court.

It appears from the above history of the case that the two money decrees were rendered and executions issued in behalf of the relator before the sale of the property of the Florida Cities Finance Corporation was made and confirmed, said sale having been made on August 7, 1928, and confirmed on August 13, 1928. However, said money decrees in behalf of relator were rendered after the Court had made its order of sale in said receivership proceedings.

It therefore appears that said two decrees in favor of relator were in effect general money judgments and ripened into liens on the property of the Florida Finance Corporation on August 6, 1928, seven days before the property was sold under the order of the court. It also appears that the relator, Edward B. Eppes, was not made a party to the general stockholders and creditors bill in which the receiver was appointed. It follows therefore that the relator's two money decrees constituted liens upon the property of the Florida Cities Finance Corporation when the same was sold under the court's decree on August 13, 1928, and that the purchaser at said sale took title with notice of said liens, and that the relator was entitled to the relief prayed for in his petition and the alternative writ of

mandamus issued pursuant thereto; that therefore the sheriff had no right to refuse to make the levy demanded by the relator. See Ex parte Edmondson et al., 68 Fla. 53, 66 So. 292.

The order of the court below quashing the alternative writ of mandamus and dismissing the cause will therefore be reversed, and further proceedings in the case may be had consistent with the foregoing opinion.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.