**UNION CARBIDE CORPORATION,**
Appellant,

v.

**KENTUCKIANA SALES CO., Inc., et al.,**
Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1968.

Herman E. Frick, William B. Cohen, Louisville, for appellant.

Jerry A. Lloyd, Edwin Abraham, J. Leonard Walker, Samuel Steinfeld, Alan T. Slyn, Louisville, for appellees.

DAN M. GRIFFITH, Special Commissioner.

The question presented by this appeal is whether the appellant, Union Carbide Corporation, obtained a valid execution lien against the assets of one of the appellees, Kentuckiana Sales Company, Inc., by execution upon property of Kentuckiana after a temporary receiver for it had been appointed by the Jefferson Circuit Court.

The lower court held that the lien asserted by Union Carbide Corporation was not valid, and from that judgment this appeal was taken.

The facts are that Kentuckiana Sales Company, Inc., had been in a struggling financial position for some time prior to November 26, 1965, when a complaint was filed by Hamilton Watch Company, Inc., and four other substantial creditors of Kentuckiana for the appointment of a receiver. The complaint set out that the assets of Kentuckiana were insufficient to satisfy its creditors and that Kentuckiana was unable to pay its debts as they matured. The complaint further alleged that in June 1965 a creditors' committee was appointed for Kentuckiana, that a proposed credit arrangement had thereafter been made, but that said arrangement had not been accepted by the creditors. The complaint further set out that unless a custodial receiver was immediately appointed to take care of all of the assets of Kentuckiana its assets would be dissipated and wasted, and the creditors of the appellee would be wholly without remedy. It was further alleged that at least thirty or more of the creditors of Kentuckiana had filed collection suits in various courts of Jefferson County and that there were at least eighty creditors who had not been paid. A list of such creditors, setting out the details concerning the legal actions filed by thirty of them, was attached to the complaint. The complaint set out that it was necessary for an immediate custodial receiver to be appointed pendente lite to take charge of the assets of Kentuckiana so that the assets would be protected and would be distributed among its creditors according to law.

Upon filing of the complaint, the plaintiffs moved upon the grounds set forth in the complaint for the immediate appointment of a custodial receiver for the appellee's assets and property for the purpose of safely keeping said assets and property pending further order of the court. The motion was sustained and a receiver appointed. The order set out that the Judge of the First Division of the Court, to whom evidently the case was assigned, was absent, and that the order would be entered by the Judge of the Third Division. The order is as follows:

"Until an order is entered by the Judge of the First Division herein the Custodial Receiver will physically receive all monies for the sale of merchandise at the Kentuckiana Sales Co., Inc. and keep it safely until further orders of this Court and he shall be given the keys to the business house at 511 W. Main Street and he alone shall have the power of opening and closing the doors of this business, until further orders of the Judge of the First Division of this Court.

It appearing that there is time available on the docket of the First Division at 11:00 A.M. Tuesday, November 30, 1965, this case is assigned at that hour for further consideration by the First Division.

The Custodial Receiver, F. Richard Holzknecht, is authorized to procure fire and theft insurance on the stock and

merchandise in the amount of $100,000.-00.

The bond of the Custodial Receiver is fixed at $15,000.00.

Entered this 26th day of November, 1965."

Thereafter, on November 30, 1965, an order was entered appointing the same person who had been appointed custodial receiver as receiver of Kentuckiana Sales Company, Inc., and directing the receiver to take charge of the business and operate it.

On November 26, 1965, the date of the appointment of the custodial receiver in the action, the appellant, Union Carbide Corporation, had obtained judgment against Kentuckiana for the sum of $8,520.51. On November 27, 1965, the day after the custodial receiver was appointed, Union Carbide Corporation had a writ of execution issued by the Clerk of the Jefferson Circuit Court to the Sheriff of Jefferson County. The sheriff levied the execution on assets of Kentuckiana on November 29, 1965.

The lower court ruled that the levying of the execution after the custodial receiver had been appointed would not serve to give the appellant, Union Carbide Corporation, a valid lien against the property. The lower court held that at the time the levy was made the property of Kentuckiana was in the custody of the court and that the appellant could not, after the property came within the custody of the court, be allowed to put itself in a preferred position over other creditors by levying upon the property.

The appellant vigorously argues that the custodial receiver was nothing more than a custodian and that it was free to perfect an execution lien in the interim between the filing of the complaint and appointment of the custodial receiver and the appointment of a permanent receiver.

We believe, however, that a proper interpretation of the order of the Jefferson Circuit Court appointing the custodial receiver requires a finding that the court took possession of the property of Kentuckiana at the time of the appointment of the receiver. That from that time forward the property was in *custodia legis* and the receiver had complete dominion over the property for the benefit of all the creditors. The keys to the real property in which the personal property attached was stored were delivered to the receiver by order of court at the time of his appointment. We think it is clear that the court intended for the receiver to then have possession of the property, and we so find.

Since the possession of the property in question was in the custodial receiver, the appellant, Union Carbide Corporation, was powerless to perfect its lien after the appointment of the custodial receiver. See Jennings v. Fidelity & Columbia Trust Company, 240 Ky. 24, 41 S.W.2d 537; Clark on Receivers, Volume 1, page 238, Section 148.

The judgment is affirmed.

All concur except STEINFELD, J., who did not sit.