515 So.2d 1337 (1987)
SUNLAND MORTGAGE CORPORATION, et al., Appellants,
v.
GERALD LEWIS, etc., et al., Appellees.
No. 86-1367.
District Court of Appeal of Florida, Fifth District.
November 19, 1987.
Philip J. Snyderburn, of Snyderburn, Rishoi & Swann, Orlando, for appellants.
T.M. Barlow, of Gleason, Barlow & Dyer, P.A., Indialantic, for appellee Wilbur Bolin.
No appearance for other appellees.
PER CURIAM.
This is an appeal from an order which granted appellee Wilbur S. Bolin priority status in a receivership proceeding involving appellants, Sunland Mortgage Corporation, Dolphin Finance Corporation and James Mimbs, individually.
In April 1985, the state of Florida filed a complaint against Sunland, Dolphin and Mimbs for temporary and permanent injunction, for appointment of a receiver and for an order of restitution arising out of alleged illegal and fraudulent practices by the appellants. The trial court issued a temporary injunction and appointed Philip J. Snyderburn as receiver on April 16, 1985. In a supplemental order, the court also provided:

*1338 The Receiver, Philip J. Snyderburn, in the above cause has moved the Court to enlarge its Order for Temporary Injunction and Appointment of Receiver which was entered on April 16, 1985 to include Mr. James B. Mimbs, individually. It is hereby ordered that:
1. By way of agreement by both James B. Mimbs and his counsel in this matter, Stanley Wolfman, the Order for Temporary Injunction and Appointment of Receiver over Sunland Mortgage Corp., and Dolphin Finance Corp., entered on April 16, 1985 is hereby enlarged to include Mr. James B. Mimbs, individually, including the power staying all actions against Mr. Mimbs.
2. Such order will place under the supervision of the Receiver, Philip J. Snyderburn, all property owned both directly and indirectly by Mr. Mimbs including but not limited to all real and personal property, tangible or intangible.
This order was filed May 2, 1985. On June 24, 1985, Snyderburn filed a motion to stay a pending suit between Bolin and Mimbs. The Bolin suit was filed May 3, 1985 and sought damages against Mimbs individually for two notes of $15,000 each and one certificate of deposit which Mimbs guaranteed in the amount of $50,000. In an order dated April 16, 1985, the court stayed all creditors and other persons seeking monetary damages against the assets of Sunland and Dolphin and, by the order of May 1, 1985, Mimbs as well.
On August 13, 1985, Bolin filed a priority and preferred status claim seeking priority based on a default judgment in his case against Mimbs in the amount of $101,493.66, which had been entered on July 2, 1985. Bolin also filed a motion to grant priority or, in the alternative, to dissolve the stay and permit levy. In this motion, Bolin indicates that the receipt of a court order of August 8, 1985 staying actions against Mimbs was the first notification, other than the motion, regarding the stay. Bolin's motion further alleges that a stay order was never filed in Bolin's case by the receiver. Snyderburn moved to set aside the default judgment, claiming such judgment was inconsistent with the stay order. No action on this motion appears in the record.
On October 19, 1985, the court granted Bolin's motion, finding that he had a priority claim over Mimbs' general unsecured creditors. Upon motion to reconsider, the court vacated the order granting priority, finding as follows:
7. Upon review of its files, the Court finds that by its order of August 8, 1985 (paragraph 3), the Court had adjudicated that "a judgment creditor is on the same status and parity as an unsecured creditor who has merely filed a claim which has been approved by this Court" and that a copy of said Order had been furnished to Mr. Polan on August 8, 1985 and therefore Mr. Bolin's original Motion of September 13, 1985 should have been denied.
Bolin then filed a motion to reconsider this order. The trial court later vacated this order and reinstated the order of October 19, giving preference to Bolin. This appeal ensued.
Appellants contend that the trial court erred in granting Bolin priority because there was no trust relationship between Bolin and Mimbs and that Bolin's position was no different than all the other creditors. Bolin contends the priority was correct because he was the only creditor against Mimbs personally and the only one with a perfected judgment lien. Bolin points out that the receiver was clearly aware of his suit against Mimbs but did not do anything prior to entry of the judgment and therefore that case is res judicata as to Mimbs and the receiver.
A receiver is an arm of the court and the funds in its possession are as though they were in the hands of the court and held for the benefit of all lawful claimants. Columbia Bank for Coop. v. Okeelanta *1339 Sugar Coop., 52 So.2d 670 (Fla. 1951). Once property is placed under the control of the court through appointment of a receiver, no creditor may obtain preference by any lien rendered subsequent thereto even if the suit under which the judgment lien is acquired was commenced prior to the date of the order appointing the receiver. See Modart, Inc. v. Penrose Industries Corp., 404 F.2d 72 (3rd Cir.1968); Union Carbide Corp. v. Kentuckiana Sales Co., 423 S.W.2d 243 (Ky. 1968).
Once a receiver is appointed for a business or person, as was done in this case, that entity loses the power to transfer its property subject to the receivership. Third parties, as well, cannot obtain a valid transfer or effect a valid lien on the receivership property through filing suits and obtaining a judgment. The receiver in this case was appointed for Mimbs before Bolin's suit was filed. In addition, the court handling the receivership ordered, prior to Bolin's suit, that all actions against Mimbs would be stayed. That order should have prevented any suits filed against Mimbs before the receivership from proceeding to judgment. Clearly it should have barred Bolin's subsequent suit against Mimbs, and appellee's belated rush to judgment in this case. Furthermore, there is no requirement, as Bolin contends, that the receiver track down and file notice in every lawsuit and circuit in this state, before any such stay is effective. Such a holding would make a mockery of our state receivership law. This holding is also based on section 517.191(2), Florida Statutes (1985):
In addition to all other means provided by law for the enforcement of any temporary restraining order, temporary injunction, or permanent injunction issued in any such court proceedings, the court shall have the power and jurisdiction, upon application of the department, to impound and to appoint a receiver or administrator for the property, assets, and business of the defendant, including, but not limited to, the books, records, documents, and papers appertaining thereto. Such receiver or administrator, when appointed and qualified, shall have all powers and duties as to custody, collection, administration, winding up, and liquidation of said property and business as shall from time to time be conferred upon him by the court. In any such action, the court may issue orders and decrees staying all pending suits and enjoining any further suits affecting the receiver's or administrator's custody or possession of the said property, assets, and business or, in its discretion, may with the consent of the presiding judge of the circuit require that all such suits be assigned to the circuit court judge appointing the said receiver or administrator. (Emphasis added).
The order appointing the receiver in this instance was dated April 16, 1985. Bolin did not file his suit until May 3, 1985, and judgment was not obtained until July 2, 1985 and not filed until July 12, 1985. Bolin, therefore, was not entitled to preference. He was simply a general creditor whose lien had not been perfected and had not attached at the time the court took into its custody the assets of the appellants.
REVERSED.
UPCHURCH, C.J., and SHARP, J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially:
I concur with the holding of the majority based on section 517.191(2), Florida Statutes (1985), quoted in the majority opinion.[1] Absent the statute, this result would conflict with State ex rel. Eppes v. Lehman, 109 Fla. 331, 147 So. 907 (1933), and Eppes *1340 v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875 (1936), which held that judgments rendered against a defendant whose assets were previously placed in a receivership, but which assets had not been alienated by the receiver in a court-confirmed sale prior to rendition of the judgments, created enforceable liens upon the property superior to any rights of a subsequent purchaser from the receiver. This was so because the judgment creditor was not made a party to the receivership proceeding. Under those cases, the controlling date in regard to the rights of judgment creditors (who are not joined in the receivership proceeding) against receivership assets was the date of court approval of the sale of the assets by the receiver, not the date the receiver was appointed or received the assets. Apparently, the Eppes cases have been superseded by the statute.
NOTES
[1] The language now found in section 517.191(2), Florida Statutes (1985), came into effect in 1963 via Chapter 63-326, Laws of Florida.