UNITED STATES of America, Plaintiff,

v.

ESIC CAPITAL, INC., Defendant.

Civ. No. JH–85–4779.

United States District Court,
D. Maryland.

Jan. 13, 1988.

See also, 675 F.Supp. 1462, 675 F.Supp. 1464.

G. Brian Busey, Steven S. Rosenthal, and Morrison & Foerster, Washington, D.C., and Claire M. Schenk, Chief Counsel for Claims and Inv. Co. Liquidation, U.S. Small Business Admin., Washington, D.C.

George A. Bauer, III, Sharon Mirsky, and Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, for Vega Capital Corp.

Joel M. Savits, John May, Michael Canode and Jordan, Coyne, Savits & Lapata, Rockville, Md., for Kaufmann, Glosser & Greenburg, P.C. and Richard Kaufmann.

## AMENDED MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

Pending before the Court is a petition for declaratory relief (Paper # 48) filed by the United States Small Business Administration ("SBA"), as receiver for ESIC Capital, Inc. ("ESIC"). Ms. Lynn Garon has responded with her opposition to the petition for declaratory relief and has filed a cross-petition to lift stay. (Paper # 49–1/2). The SBA has replied. (Paper # 52). The matter is ready for disposition and no hearing is necessary. Local Rule 6(G).

ESIC is a small business investment company, licensed under Section 301(c) of the Small Business Investment Act of 1958, 15 U.S.C. § 681(c). As such, ESIC provides financing for small businesses to form, grow and expand. In 1976, ESIC obtained a judgment in the Supreme Court of New York for New York County for $83,491.00. ESIC got that judgment against Martin Garon, cross-petitioner Lynn Garon's ex-husband. ESIC filed the judgment on April 5, 1976, thereby creating a judgment lien in ESIC's favor on Mr. Garon's property which is located in Columbia County, New York. However, ESIC's lien is subordinate to a mortgage on this same property which was given by Mr. Garon to his estranged wife, Lynn Garon. It is subordinate because Ms. Garon filed this interest on the property almost three months before ESIC filed its above-mentioned lien. In that regard, Ms. Garon commenced a foreclosure action on that first mortgage, naming ESIC, a junior lienholder, as a defendant. She began the action on January 19, 1984. Unfortunately for Ms. Garon, while that action was pending in the New York Supreme Court for Columbia County, the SBA sued to establish a receivership over ESIC. The SBA was successful and on November 27, 1985, this Court took exclusive jurisdiction of ESIC and all its assets, wherever located. The Court appointed SBA as ESIC's temporary receiver. When the Court's November 27, 1985 Order expired on January 8, 1986, the Court entered another Order. That Order appointed SBA as ESIC's permanent receiver. More particularly, the Court also ordered that:

> The parties to any and all legal proceedings of any nature, or arbitrations, wherever located, involving ESIC, the Receiver ... or any of the assets of ESIC, remain enjoined from commencing or continuing any legal proceedings of any nature, including judicial and arbitrations proceedings, or from taking any action, including discovery, in connection with any such proceeding.

January 8, 1986 Order at 5–6 (Paper # 7).

Pursuant to 28 U.S.C. § 754, the receiver filed this Order and its complaint against ESIC in the district in which Ms. Garon's property is located—the United States District Court for the Northern District of New York.

Pursuant to this Court's January 1986 Order, the proceedings involving Mr. Garon's property in Columbia County, New York became quiet. All that changed, however, when Ms. Garon took action this year which forms the basis for the instant motion. On February 9, 1987, Ms. Garon obtained another judgment against Mr. Garon in the amount of $107,311.00. She filed the judgment with the Columbia County Clerk's Office, creating a new lien on the Martin Garon property at issue in her foreclosure action which was stayed by this Court's January 8, 1986 Order.

Her latest action—filing her 1987 judgment—comes to this Court with a twist. Recall that ESIC obtained a judgment against the very same property on April 5, 1976. Under New York law, ESIC's judgment lien is good for ten years. N.Y.Civ.Prac.Law § 5203(a). The ten years expired on April 5, 1986, but the receiver did not renew the judgment lien because of the stay imposed by this Court. Therefore, Ms. Garon's 1987 judgment, if upheld, is superior to ESIC's. Accordingly, the receiver requests two rulings from this Court: (1) that ESIC's 1976 lien remains valid and (2) that Ms. Garon's 1987 lien is null and void. Ms. Garon opposes both.

■ The Court believes ESIC's 1976 lien is still valid despite the lapse of ten years without renewal. This is because once a receivership is established, *all* proceedings to enforce the lien are suspended. This includes a proceeding to enforce a valid, pre-existing lien. *Modart, Inc. v. Penrose Industries Corp.*, 293 F.Supp. 1116, 1119 (E.D.Pa.1967), *aff'd*, 404 F.2d 72 (3d Cir. 1968). Once the stay is lifted, the receiver will have about four months to renew ESIC's judgment lien. N.Y.Civ.Prac.Law § 5203(b). For now, ESIC's 1976 lien retains its validity.

■ The Court finds further that Ms. Garon's February 1987 lien violates this Court's stay and is, therefore, null and

void. This Court's Order, dated January 8, 1986, states:

> The parties to any and all legal proceedings of any nature, or arbitrations, wherever located, involving ESIC, the Receiver ... or any of the assets of ESIC, remain enjoined from commencing or continuing any legal proceedings of any nature, including judicial and arbitrations proceedings, or from taking any action, including discovery, in connection with any such proceeding.

Notwithstanding this language, counsel for Ms. Garon argues that this Order does not apply to her matrimonial action against her husband. The Court agrees. But when Ms. Garon placed a lien on the Columbia County property—property involving ESIC—to enforce her judgment obtained by way of her matrimonial action, that is another story. This Court's Order prevents her from taking such action and, despite the Order, she proceeded. Ms. Garon's counsel cannot believe this Court's Order is sufficiently broad to prevent her from placing a lien on the property; it is. This Court is empowered, pursuant to 15 U.S.C. § 687c(b), to "take exclusive jurisdiction of ... [ESIC] and the assets thereof, *wherever located....*" (emphasis supplied). The Court believes that language applies to the instant dispute; that is, a foreclosure action involving ESIC must necessarily involve this Court and this Court's jurisdiction is invoked when Ms. Garon filed her new judgment lien, even when done in New York State Court. Title 15 U.S.C. § 687c(b) is an omnibus grant of authority, given by Congress and made without reservation. While counsel might accord this Court's jurisdiction a more narrow scope, the clear language of § 687c(b) compels this Court to conclude that her lien affects an ESIC asset.[1] As such, she was powerless to perfect her lien after the Court issued its January 8, 1986 Order. Her February 1987 lien is null and void. *See generally,* 75 C.J.S. *Receivers* § 135b.(1) (1952, 1987 Cumm.Supp.); 65

Am.Jur. *Receivers* § 168 (2d. ed. 1972); *see also, Union Carbide Corp. v. Kentuckiana Sales Co.,* 423 S.W.2d 243 (Ky.1968).

Also pending before the Court is Ms. Garon's motion to lift the stay.

■ In passing on a motion to vacate a receivership stay, a district court must consider four factors:

1) comparing the interests of the receiver and the moving party by

2) determining whether continuance of the stay will preserve the *status quo,* or whether the moving party will suffer substantial injury if not permitted to proceed;

3) examining the merit of the moving party's underlying claim; and

4) assessing the time in the receivership's life at which the motion to lift the stay is made.

*See S.E.C. v. Universal Financial,* 760 F.2d 1034, 1038 (9th Cir.1985); *S.E.C. v. Wencke,* 742 F.2d 1230, 1231 (9th Cir.1984); *Superior Motels v. Gould,* 622 F.2d 1363, 1373 (9th Cir.1980). The moving party bears the burden of proving that the receivership stay should be lifted.

■ At this early stage of the receivership, it is pellucid that a continuance of the stay will preserve the *status quo.* Moreover, it is equally clear that this motion comes at a fairly youthful age of the receivership—two years since its inception. Nevertheless, in considering the competing factors, the Court believes the stay must be lifted.

Ms. Garon will suffer substantial injury if not permitted to proceed. She is a single mother with a minor child. Mr. Garon has not paid any child support for more than ten years. In her affidavit accompanying her motion, dated September 29, 1987, Ms. Garon states that she is unemployed and living on unemployment insurance in the amount of $92.00 per week. Her interests preponderate over any interest the receiver may have in maintaining *status quo.*

---

**1.** A judgment lien is an ESIC asset. *See Matter of Telemart Enterprises, Inc.,* 524 F.2d 761, 764 (9th Cir.1975), *cert. denied,* 424 U.S. 969, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976) ("A lien is, of course, an interest in property."); *Sager v. Burgess,* 350 F.Supp. 1310 (E.D.Pa.1972), *aff'd,* 411 U.S. 941, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973).

Further, the merits of her underlying claim are substantial. It is only a foreclosure action which, if conducted properly, will be painless for all concerned, except Mr. Garon who presently occupies the disputed land.

The parcel of real property which is the cynosure of Ms. Garon's foreclosure is located in the Town of Hillsdale, Columbia County, New York. As the Court understands it, the property, as a result of this Memorandum and Order, is encumbered for present purposes, as between Ms. Garon and ESIC, as follows in terms of priority:

1) the 1975 mortgage given by Mr. Garon to Ms. Garon in the amount of $16,000.00 duly filed by Ms. Garon on January 16, 1976;

2) ESIC's lien dated April 5, 1976; and

3) because the stay is lifted as of the date of this Order, Ms. Garon's February 9, 1987 judgment in the amount of $107,311.00 would be here on the order of priorities when refiled.

In conclusion, this Court hereby lifts the stay in this case for the *only* purpose of allowing foreclosure proceedings to occur with respect to the encumbered property located in the Town of Hillsdale, Columbia County, New York.

In accordance with the above, it is this 13th day of January, 1988, by the United States District Court for the District of Maryland, ORDERED:

1) That the judgment lien of ESIC against the property of Martin Garon located in the City of Hillsdale, Columbia County, New York, is presently valid and perfected and will remain valid and perfected for 129 days after the date upon which this Court lifts the stay imposed by this Court's November 27, 1985 and January 8, 1986 Orders;

2) That ESIC's judgment lien against the property of Martin Garon located in the City of Hillsdale, Columbia County, New York, dates from April 5, 1976 for purposes of determining the priority of this judgment lien;

3) That Lynn Garon's filing of a judgment lien in her favor with the Columbia County, New York Clerk's Office on February 10, 1987 is hereby declared to be in violation of this Court's January 8, 1986 Order and is thus declared to be null and void; and

4) That Ms. Garon's motion to vacate the stay is hereby GRANTED. However, the stay is lifted *only* with respect to foreclosure proceedings regarding the disputed parcel of real property located in the Town of Hillsdale, Columbia County, New York. Each and every other aspect of the stay imposed in this case remains unaffected by this Order.