WARNER, Judge,
concurring specially.
My concurrence in an affirmance in this case is not a rejection of the procedure for procuring a writ of mandamus to compel a sheriff to levy on property as was done in State ex rel. Eppes v. Lehman, 109 Fla. 331, 147 So. 907 (1933). Instead, it appears from the allegations and attachments to the complaint that appellant did not make a prima facie showing of entitlement to the alternative writ as provided in Florida Rule of Civil Procedure 1.630. The chain of title was not set forth, and all the trial court had were two deeds to the same property but executed by two different grantors to two different grantees. It would seem to me that at the very least the appellant should have set forth the complete chain of title to show that the present title holders of the property acquired the property through the judgment debtor so as to make a prima facie showing that the property in question was subject to a prior recorded judgment lien against their predecessor in title.